# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 03-1974V

September 13, 2013

Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MINAH FOWLER, by her Mother and      *
next friend, HOPE FOWLER,            *
                                     *
                Petitioner,          *        Attorneys' Fees and Costs;
                                     *        Final Award
        v.                           *
                                     *
SECRETARY OF THE DEPARTMENT OF       *
HEALTH AND HUMAN SERVICES,           *
                                     *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Boston, MA, for petitioner.
Ryan D. Pyles, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

On August 22, 2003, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that certain vaccines caused her daughter infantile spasms. On January 31, 2011, the undersigned ruled on behalf of petitioner. On May 23, 2011, the undersigned issued an interim attorneys' fees and costs decision, awarding petitioner and her counsel $69,988.00 in fees and costs and petitioner $84.62 in her own costs. After lengthy settlement discussions, respondent filed a proffer on January 16, 2013, and the undersigned issued a damages award on January 17, 2013.

On July 26, 2013, petitioner filed an application for final attorneys' fees and costs. On August 26, 2013, respondent filed her response to petitioner's application for final attorneys' fees

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

and costs.   On September 9, 2013, petitioner filed a reply (termed a "response") to respondent's response, and also a supplemental motion for attorneys' fees.

In respondent's response to petitioner's application for final attorneys' fees and costs, respondent does not object to the amount petitioner requests for petitioner's attorneys' fees of $18,886.45, and costs payable jointly to petitioner and her attorney of $16,476.55.   Resp't's Resp. to Pet'r's Appl. for Final Attorneys' Fees and Costs, at 1.   Of the $19,428.90 petitioner requests as her own costs, respondent does not object to $9,028.90.   Id.   However, respondent does object to petitioner's request for $10,400.00 (comprised of 40 hours of attorney work multiplied by an hourly attorney rate of $260.00 for attorney Rosalie P. Wisotski, Esq., located in Pittsburgh) described in Tab C of petitioner's application as the cost of "Required Future annual account & summary to guardianship dept (10 year estimated at 4 prep hours per report)."   Pet'r's Appl. for Final Attorneys' Fees and Costs, at 46.   Respondent cites the Vaccine Act's requirement that the fees be "incurred in any proceeding on such petition."   Resp't's Resp. to Pet'r's Appl. for Final Attorneys' Fees and Costs, at 2 (citing 42 U.S.C. § 300aa-15(e)(1) (2012)).   Costs projected ten years into the future have not been incurred.   Respondent cites the U.S. Court of Federal Claims in Black v. Sec'y of HHS, 33 Fed. Cl. 546, 550 (Fed. Cl. 1995) (citation omitted): "'One incurs an expense ... at the moment one becomes legally liable' to pay that expense and not 'at the moment when one decides that an expense will become necessary one day in the future.'"   Resp't's Resp. to Pet'r's Appl. for Final Attorneys' Fees and Costs, at 2.

The vaccinee in this case is now thirteen years old, having been born July 20, 2000. Pet'r's Ex. 47, at 2.   The proof of guardianship that petitioner filed in order to fulfill a requirement of payment in this case is titled "Guardianship of Minor Estate."   Pet'r's Ex. 51.   Minah will reach her majority in five years.   23 Pa. Cons. Stat. Ann. § 5101 (West 2013).   It is purely speculative for petitioner's Pittsburgh attorney to bill petitioner in advance for ten years of work, estimated at four hours per report of an annual accounting to the Court of Common Pleas of Butler County, PA, Orphans' Court Division.   Not only has this $10,400.00 cost not been incurred, it may never be incurred.   Moreover, petitioner is not the trustee of the trust established for Minah. The only reason the Orphans' Court Division of the Court of Common Pleas of Butler County appointed a representative for Minah's estate was so that the representative could create a trust at a local bank, Scottdale Bank and Trust of Connellsville, PA.   Pet'r's Ex. 51 (appointing petitioner as guardian for the "*limited* purpose of establishing a trust in which Scottdale Bank and Trust of Connellsville, Pennsylvania shall serve as Trustee" (emphasis added)).   It is the local bank, not petitioner, which will be managing the money in trust for Minah for the rest of her life. Petitioner's role will be over once petitioner creates the trust at the local bank.

The undersigned awards petitioner the following:

**a. $36,508.10**, representing $18,886.45 to which respondent does not object in attorneys' fees, $1,145.10 which petitioner requested in a supplemental motion for attorneys' fees, and $16,476.55 in litigation costs to which respondent does not object.   The award shall be in the form of a check payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C., in the amount of **$36,508.10**; and

2

**b. $9,028.90**, representing petitioner's own costs to which respondent does not object. The award shall be in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>September 13, 2013</u>                                        <u>        s/Laura D. Millman        </u>
                                                                                       Laura D. Millman
                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.